**Shalev Amar (#022332)**
samar@amarlawgrp.com
**Henry Vorderbruggen (#034310)**
hvorderbruggen@amarlawgrp.com
**Amar Law Group, PLLC**
7001 N. Scottsdale Rd. Suite 2060
Scottsdale, AZ 85253
(480) 237-2744 (phone)_
(866) 226-1333 (facsimile)
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Benchmark Commercial, LLC. and Roy C. Grinnell III,** <br><br> Plaintiffs, <br><br> vs. <br><br> **Jaguar Land Rover North America, LLC.,** <br><br> Defendant. | Case No.: <br><br> **COMPLAINT -- VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00.

2. The Plaintiffs, Benchmark Commercial, LLC and Roy Grinnell III ("Plaintiffs"), are Arizona consumers.

3. The Defendant, Jaguar Land Rover North America, LLC, ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the

manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the consuming public through its authorized dealerships.

4. On September 13, 2019, Plaintiffs purchased from Vroom, a 2016 Land Rover Range Rover, Vehicle Identification No. SALGBS2KF0GA273989 ("Range Rover") manufactured, warranted, and supplied by Defendant, for a total financed price of $71,412.48. Plaintiffs took delivery of the subject Range Rover in Gilbert, Arizona.

5. In connection with Plaintiffs' purchase of the Range Rover, Defendant issued and supplied Plaintiffs with its written warranty, which has *inter alia* four-year/50,000-mile bumper to bumper coverage and four-year/50,000-mile powertrain coverage.

6. Plaintiffs experienced multiple nonconformities with the Range Rover that manifested after acquisition. Specifically, the Range Rover exhibited the following defects and conditions: engine (7 repair attempts), electrical system (3 repair attempts), check engine light (3 repair attempts), transmission (2 repair attempts), clunking condition (3 repair attempts), seat (2 repair attempts), door (3 repair attempts), diesel exhaust fluid (2 repair attempts), steering (2 repair attempts), suspension, interior trim, selective catalytic reduction, outlet, trim, hood, paint, roof, hatch and mirrors.

7. The Range Rover was out of service for a total of seventy-six (76) days as a result of warranty repairs to address its defects and conditions.

8. Defendant was not able to cure the Range Rover's defects within a reasonable number of attempts or time as evidenced by the Range Rover's frequent repair attempts and defect history.

9. The Range Rover remains defective and nonconforming.

10. The Range Rover's warranty failed of its essential purpose.

11. The above-mentioned vehicle defects and the dilatory inadequate repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiffs.

12. Plaintiffs provided Defendant, through its designated dealership warranty repair agents, a reasonable opportunity to repair the defects, nonconformities and conditions within the Range Rover.

13. Defendant had notice of the Range Rover's defects and an opportunity to cure.

14. Plaintiffs gave Defendant additional written notification of the defects and repair history of the Range Rover (through undersigned) as well as Plaintiffs' lawful request for relief on November 21, 2019.

15. Defendant and Plaintiffs were unable to reach an accord.

16. Plaintiffs have been and will continue to be financially damaged due to Defendant's failure to conform the Range Rover to its warranty.

17. Plaintiffs did not receive the basis of their bargain, for a warranted Range Rover, but instead were saddled with a vehicle riddled with substantial conditions akin to an improperly maintained, much higher mileage and age vehicle of a much lower value.

//

# COUNT I—BREACH OF WRITTEN WARRANTY
# PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1-17 in this Complaint.

19.     Defendant failed to comply with its repair duties and obligations under the Range Rover's written warranty.  Additionally, the warranty failed of its essential purpose.

20.     Defendant did not repair the Range Rover's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, pursuant to 15 U.S.C. § 2310 (d), Plaintiffs pray for the following relief against Defendant for its written warranty breach:

   a. An award of diminution in value damages and any equitable relief to which Plaintiffs are entitled;

   b. All incidental and consequential damages;

   c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

   d. All other relief deemed justified by this Court.

**RESPECTFULLY SUBMITTED** this 6th day of March, 2020.

By: /s/*Henry Vorderbruggen*
   Shalev Amar
   Henry Vorderbruggen
   Amar Law Group, PLLC
   7001 N. Scottsdale Rd. Suite 2060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scottsdale, AZ 85253
(480) 237-2744
(866) 226-1333 (facsimile)
*Attorneys for Plaintiffs*